UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,          CRIMINAL NO. 17-20274

v.             HON. BERNARD A. FRIEDMAN

D-4 TAHERA SHAFIQ,
D-5 FARIDA ARIF,
D-7 HASEENA HALFAL,
D-8 ZAINAB HARIYANAWALA,

  Defendants.

**Government's Response to Defendants' Motion for Return of Property (R. 403)**

For the reasons stated in the government's brief, this Court should deny Defendants' motion.

                    Respectfully submitted,

                    *s/Sara D. Woodward*
                    SARA D. WOODWARD
                    JOHN K. NEAL
                    Assistant United States Attorneys
                    211 West Fort Street, Ste. 2001
                    Detroit, MI 48226

                    MALISA DUBAL
                    AMY MARKOPOULOS
                    Trial Attorneys
                    Department of Justice, Fraud Section
                    1400 New York Avenue, NW
                    Washington, DC 20005


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                              CRIMINAL NO. 17-20274

v.                                      HON. BERNARD A. FRIEDMAN

D-4   TAHERA SHAFIQ,
D-5   FARIDA ARIF,
D-7   HASEENA HALFAL,
D-8   ZAINAB HARIYANAWALA,

    Defendants.

---

### Government's Brief in Support of its Response to Defendants' Motion for Return of Property (R. 403)

---

The appeal of this Court's order dismissing Counts One through Six of the third superseding indictment is pending before the Sixth Circuit. The case against defendants has not terminated. Defendants' motion for the return of property is premature, and should be denied.

### *Background and Procedural History*

Defendant Jumana Nagarwala, a licensed emergency room physician, performed female genital mutilation (FGM) on young girls for

3

at least 12 years. Nagarwala used a cutting instrument to remove portions of the girls' clitorises, clitoral hoods, and/or labia minora. Defendant Fakhruddin Attar, a licensed internal medicine physician, assisted Nagarwala by providing her with a medical office in which she could engage in these offenses. Defendants Farida Attar and Tahera Shafiq assisted Nagarwala during FGM procedures. Haseena Halfal, Zainab Hariyanawala, Farida Arif, and Fatema Dahodwala are parents of minor victims who arranged for the procedure to be performed and transported their daughters to the medical clinic to see Nagarwala for the purpose of having FGM performed. During the investigation into defendants, the FBI and HSI executed over a dozen search warrants, seizing numerous cell phones and other electronic devices.

On September 12, 2018, the grand jury returned a third superseding indictment charging all eight defendants with conspiracy to commit female genital mutilation in violation of 18 U.S.C. §§ 371, 116. (R. 334, PgID 2464–2469.) Counts Two through Six of the indictment charged defendants with substantive counts of FGM for individual child victims. (R. 334, PgID 2464–2470.) Count Seven charged Nagarwala with conspiracy to travel with intent to engage in illicit sexual activity, in

violation of 18 U.S.C. § 2423(b), (e). (R. 334, PgID 2471.) Finally, Nagarwala, Fakhruddin Attar, Farida Attar, and Fatema Dahodwala were charged in a final count with conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k). (R. 3345, PgID 2472–2473.)

On November 20, 2018, the Court granted defendants' motion to dismiss Counts One through Six. (R. 370.) The government filed a notice of appeal with the Sixth Circuit. (R. 378; Case No. 19-1015.) On December 28, 2018, this Court issued a text-only order adjourning all dates in the district court "pending appeal."

On April 10, 2019, the Solicitor General notified Congress, pursuant to 28 U.S.C. § 530D, that the Department of Justice had decided not to proceed with the appeal of this Court's decision regarding the constitutionality of 18 U.S.C. § 116. But the appeal has not been withdrawn, and on April 30, 2019, the U.S. House of Representatives filed a motion to intervene in the appeal pursuant to 28 U.S.C. § 530D(b)(2). The House's motion to intervene, and the appeal, are pending. The Sixth Circuit issued an order cancelling the briefing schedule, and stating that "briefing will be held in abeyance pending

resolution of the motion to intervene." (R. 404.) Defendants' response to the motion to intervene is due on May 31, 2019.

### *Defendants' Motion to Return Property*

On April 15, 2019, Defendants Shafiq, Arif, Halfal and Hariyanawala filed a motion seeking the return of their cell phones. (R. 403.) The Court has scheduled the motion for a hearing on May 22, 2019. In their motion, defendants assert that there is "good cause" to return the phones because the case against defendants "has been dismissed." (R. 403, PgID 3244.) Defendants' motion is premature, and should be denied.

The government believes that defendants' motion concerns three cell phones.[1] The FBI and HSI seized these phones pursuant to valid federal search warrants:

- Defendant Halfal's phone was seized pursuant to a search warrant from the District of Minnesota (17-mj-357-FLW);
- Defendant Hariyanawala's phone was seized pursuant to a search warrant from the District of Minnesota (17-mj-505 HB);

---

[1] The government does not have possession of a cell phone belonging to defendant Farida Arif.

- Defendant Shafiq's phone was seized during a search of her residence, authorized by a search warrant from the Eastern District of Michigan (17-mc-50475-9).

These phones are in the custody of law enforcement. The government has provided defendants with forensic copies of the phones in discovery.

"The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010). The burden is on the moving party to show that he is entitled to lawful possession of the property. *Id.* at 932-33. Here, the criminal proceedings have not terminated. The appeal of this Court's decision dismissing the counts against Halfal, Hariyanawala, Shafiq, and Arif is still pending. A notice of appeal typically divests the district court of jurisdiction over the aspects of the case involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Because the appeal regarding the constitutionality of 18 U.S.C. § 116 is pending, the case against defendants Halfal, Hariyanawala, Shafiq and Arif has not terminated.

More importantly, the phones at issue contain evidence related to the remaining counts in the indictment against other defendants. *See United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990) (holding that a defendant's motion for return of property will be unavailing where the government has a continuing interest in the property)*; United States v. Campbell,* 96 Fed.Appx 966, 2004 WL 950184 (6th Cir. 2000) (superseded on other grounds) (holding that the government's interest in the evidence for purposes of responding to a co-defendant's 2255 motion was sufficient reason for the government not to return the property). Specifically, defendants Halfal and Hariyanawala's phones contain evidence that is relevant and admissible regarding Count Seven, which charges Nagarwala with conspiring with Halfal and Hariayanwala to travel to Michigan for the purpose of FGM. Halfal and Hariyanawala used their phones to communicate with Nagarwala to coordinate their travel to Michigan for MV-1 and MV-2's FGM procedures. Shafiq's phone also contains evidence regarding Count Seven, since Nagarwala communicated with Shafiq to coordinate Shafiq's availability to assist with the procedures for MV-1 and MV-2.

FBI and HSI lawfully seized the cell phones at issue pursuant to valid search warrants. Defendants do not challenge the search warrants, either by moving to quash or by motion to suppress. *See, Cogen v. United States*, 278 U.S. 221 (1929). The criminal proceedings have not terminated, and the phones contain evidence that will be relevant and admissible at trial.

## *Conclusion*

Defendants' motion should be denied.

>Respectfully submitted,
>
>MATTHEW SCHNEIDER
>United States Attorney
>
>*s/Sara D. Woodward*
>SARA D. WOODWARD
>JOHN K. NEAL
>Assistant United States Attorneys
>211 West Fort Street, Ste. 2001
>Detroit, MI 48226
>
>MALISA DUBAL
>AMY MARKOPOULOS
>Trial Attorneys
>Department of Justice, Fraud Section
>1400 New York Avenue, NW
>Washington, DC 20005

Dated: May 9, 2019