UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-cr-20274 |
| Plaintiff, | Honorable Bernard A. Friedman |
| v. | **REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO AMEND THE PROTECTIVE ORDER** |
| JUMANA NAGARWALA, D-1<br>FAKHRUDDIN ATTAR, D-2,<br>FARIDA ATTAR, D-3,<br>FATEMA DAHODWALA, D-6 | |
| Defendants.<br>_____/ | |

The above-captioned Defendants, by and through their respective Counsel, submit the following in reply to the government's Response to Defendants' Motion to Amend the Protective Order.

On December 14, 2020, the government filed its response to Defendants' motion requesting this Court amend the protective order permitting Defendants to review discovery outside the presence of their counsel. In its response, the government informs the Court that the government agreed "that the Covid-19 pandemic required modification to

1

the protective order to permit Defendants to review most of the discovery materials without their attorney." (ECF No. 450, Page ID 3441). However, that is simply not the case. On November 18, 2020, Defense Counsel sent an email to the government asking that "our clients be permitted to see all of the discovery on their own other than the colposcope videos and the forensic interviews." The government responded the same day informing the Defense that "[w]e do not agree to your clients having source materials (reports and recordings) outside of your presence." Not only did the government deny the Defendants' request to allow the Defendant's to review "all of the discovery" other than the colposcope videos and forensic interviews, but the government never mentioned that they "agreed that the Covid-19 pandemic required modification of the protective order." Instead, the government, provided a reason for their denial of the Defendants request and stated, "[w]e are concerned about community pressure and retribution."

The government's claim that there is tremendous pressure placed on cooperating witnesses and confidential informant(s) not to cooperate with the government and that those individuals are concerned for their safety is unfounded and not supported by the history of this case.

Significantly, the identities of those labeled within the discovery as CS-1, CW-1, CW-2, and CW-3 have been known since the onset of this case, nearly four years ago. Since then, there has never been *any* accusation whatsoever that Defendants have sought retribution against those working with the government or have attempted to interfere with their cooperation. Likewise, for the past four years, Defendants have been restricted from attending their place of worship and speaking with members of the Dawoodi Bohra community. These conditions were designed by this Court to prohibit Defendants from contacting anyone within their community. No formal complaints have been brought before this Court alleging that Defendants have violated any conditions of their release, much less that they have reached out to any member of the community, witness, or confidential informant.

The government also states it is concerned about the dissemination of discovery to other community members. Again, this concern is unfounded. Defendants have viewed the discovery provided by the government and some of the Defendants have already been through a Child Protective Services trial wherein testimony was given in State Court. Again, the government has failed to provide a single instance

whereby these Defendants have relayed any of the information obtained in the State Court proceedings or from the discovery to any member of the community. Nevertheless, the government's concerns are easily rectified. Should this Court modify the protective order, the Court can simply require that Defendants not disseminate or copy any of the discovery materials. Given the Defendants track record on pre-trial release, they have proven to this Court that the Court's orders mean something, and they will undoubtedly follow any order this Court issues.

The most recent discovery provided by the government—more than three years after the case began—is predominantly in a foreign language that requires translation. This underscores the necessity for Defendants to be able to review the discovery on their own. Despite filing a discovery demand when this case started, Defendants have been forced into the precarious position of asking the government for specific items of discovery that were not initially turned over but are briefly mentioned in reports that have been provided. One such example are the telephone recordings at issue here, which were only recently provided. Those recordings are in a dialect unique to the Dawoodi Bohra community and are hours in length. Defendants should be permitted to listen to the

records and inform their counsel of the content to better prepare for trial—without their counsel sitting next to them during a global pandemic.

The government's final issue of contention is Defense Counsel's request that the Colposcope videos be viewed by the Defense experts outside the presence of counsel[1]. Much like the previous two "concerns", the government lists out a number of different scenarios whereby things "might" happen. And, again, these are based on hypotheticals and not fact. Significantly, all of the hypothetical situations described by the government as reasons why the protective order should remain unchanged have already been done by the government. For instance, the government's own expert shared the videos with other physicians via a file sharing device. This second-hand review did not occur in the presence of the government. The Defendants are simply asking that the protective order be modified to permit their experts to review the materials outside

---

[1] In its response, the government briefly indicates to the Court there may not be a need for expert testimony given the remaining counts in the indictment. However, the government has already indicated to Defense Counsel that they will disclose their expert information consistent with the Federal Rules of Criminal Procedure. This statement to the defense, promising disclosure of expert information, is very different from a statement indicating the government will not be using any experts in this case. Furthermore, the government's Response to the Defendants' Motion to Amend the Protective Order indicates that it is "unclear to what extent, if any, expert testimony will be needed from *either side*. . ."(ECF No. 450, Page ID. 3449). Again, this suggests that, at best, the government is still undecided as to whether they will use an expert in this case.

the presence of counsel—something the Government already had the luxury of doing.

## CONCLUSION

For the foregoing reasons, the Defendants request that their motion be granted.

                                              Respectfully submitted,

| | |
|---|---|
| 12/17/2020<br>Date | /s/MARY CHARTIER<br>Mary Chartier<br>Attorney for Fakhruddin Attar, M.D. |
| 12/17/2020<br>Date | /s/SHANNON SMITH<br>Shannon Smith<br>Attorney for Jumana Nagarwala, M.D. |
| 12/17/2020<br>Date | /s/MOLLY BLYTHE<br>Molly Blythe<br>Attorney for Jumana Nagarwala, M.D. |
| 12/17/2020<br>Date | /s/MATTHEW R. NEWBURG<br>Matthew R. Newburg<br>Attorney for Farida Attar, Ph.D. |
| 12/17/2020<br>Date | /s/BRIAN LEGGHIO<br>Brian Legghio<br>Attorney for Fatema Dahodwala |

## Certification of Delivery

I hereby certify that on December 18, 2020 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/Matt Newburg
Newburg Law, PLLC
316 Taylor St.
Grand Ledge, MI 48837
Phone: 517-899-0951
Email: matt@newburglaw.com